FILED - GR
January 6, 2023 10:33 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JJM  SCANNED BY: ___ /___

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William J. Wise

    Plaintiff(Pro Se)

v

17th Circuit Court, Kent County Friend
Of the Court

    Defendants

Case No: **1:23-cv-20**

**Jane M. Beckering**
**U.S. District Judge**

Hon:
Magistrate:

| | |
|---|---|
| William J. Wise(Pro Se)<br>675 Fremont NW<br>Grand Rapids, MI 49504<br>Willwise1983@yahoo.com<br>(616) 290-2223<br>Plaintiff | 17th Circuit Court<br>180 Ottawa Ave NW<br>Grand Rapids, MI 49503<br>(616) 632-5220<br>Defendant<br><br>Kent County Friend of the Court<br>82 Ionia Ave NW #200<br>Grand Rapids, MI 49501<br>(877) 543-2660<br>Defendant |

## PLAINTIFF'S BRIEF IN SUPPORT OF THE PLAINTIFFS COMPLAINT OF RETALIATION AGAINST DEFENDANTS AND RELIEF TO BE SOUGHT

1. The 17th Circuit Court Honorable Judge Scott A. Noto and Referee John D. Kmetz signed a Parenting Time Order involving the Plaintiff and another party on October 21, 2021.

2. The Plaintiff submitted over Forty Physical, Parenting Time, and Holiday Time Complaints to the Clerk's Office at the Kent County Friend of the Court in early December of 2022 against the other party.

3. The Complaints consisted of the Plaintiff's minor child's mother and others, intentionally interfering and retaining the Plaintiff's minor child from the Plaintiff since on or around October 23, 2022.

4. Upon submission of the Plaintiff's Parenting Time Complaints to the Kent County Friend of the Court, the FOC Clerk was very rude and lacked knowledge of the Physical Custody and Parenting Time Complaint ADR Document. The Plaintiff numerous times during this submission, had to show the clerk that what is being submitted was correct consistent with the Complaint Document. The clerk began to get frustrated with the Plaintiff, because the Plaintiff had more knowledge of the ADR Document.

   ***Another Kent County Friend of the Court female employee was present as well as witness.***

5. The Clerk went on to inform the Plaintiff that the ADR Clerk is most likely going to return most if not all of the submitted documents by the Plaintiff. The Plaintiff then complained about unfair biased treatment to the clerk referring to gender based and treatment of himself and other male fathers by the Kent County Friend of the Court system. The Plaintiff then left shortly after submission.

6. On December 16, 2022, consistent with MCL 750.350a, the Plaintiff filed a Police Report with the Grand Rapids Police Department in person. The reporting female officer asked the Plaintiff was there an investigation started with the Kent County Friend of the Court, and the Plaintiff stated that he had submitted Custody and Parenting Time Complaints to the Kent County Friend of the Court prior. The female Reporting Officer, informed the Plaintiff that GRPD has access to view the Kent County Friend of the Courts documents as well. The Grand Rapids Police Department grew upset that the Plaintiff with the Plaintiff's knowledge of MCL 750.350a, as well as upset that the Plaintiff was submitting his statement in his own writing. The female reporting officer informed the Plaintiff that the Detective who takes the case, is not going to look at the Plaintiff's evidence supporting documents. A separate GRPD Superior Officer attempted to bully and intimidate the Plaintiff, to only submit an Oral Statement in the Report, and that they will not accept any other form of submission. The Plaintiff requested that the Superior Officer state who he was. The Officer stated that his name was... "Mark with badge number 239, then quickly changed it to badge number 536, 239 was my old one". The Plaintiff also enlightened the Officer on the different ways that a statement can be submitted, and the Officer went on to say, "Your going to do it our way or not at all". The Superior Officer also stated to the Plaintiff that, he changed the mind of the original Reporting Officer not to accept the Plaintiff's filing statement wrote by the Plaintiff.

The Plaintiff complained to GRPD about their unfair biased treatment. The Plaintiff at this time was aware of the Officer's Recording Body Cam, as well as the Plaintiff notifying the Officer that he was recording as well. The Superior Officer then turned off his Body Cam shortly after exchange, and departed with another Detective, but not before the Detective made remarks to the Plaintiff that he was just being loud.

*MCL 750.350a* states that taking or retaining a child by adoptive or natural parent; intent; violation as felony. An adoptive or natural parent of a child shall not take that child, or retain that child for more than Twenty-Four Hours, with the intent to detain or conceal the child from any other parent or legal guardian of the child who has Custody or Parenting Time rights under a lawful Court Order at the time of the taking or retention, or from the person or persons who have adopted the child, or from any other person having lawful charge of the child at the time of the taking or retention.

7. On December 19, 2022, the Friend of the Court ADR & Parenting Time Clerk Amanda Conrad emailed the Plaintiff with numerous Physical Custody and Parenting Time Complaints that were being denied. Most if not all were due to wrong Court Order dates etc. The Kent County Friend of the Court intentionally changed, modified, and altered the 17th Circuit Court Order dates and 17th Circuit Court Judge Scott Noto's signed signature. Kent Count Friend of the Court went on to change the dates also on the Plaintiff's submitted Friend of the Court Complaint documents and even highlighted them as well.

8. On December 20, 2022, the Plaintiff went to the 17th Circuit Court and obtained a copy of the saved 17th Circuit Court original UPLOADED IMAGE of the signed court orders and dates of Court Sessions for October 16, 2012 and October 21, 2021, but not before the Deputy Clerk notified the Plaintiff that the Plaintiff's complete file was now OFF-SITE. The Plaintiff notified the Deputy Clerk of the date inconsistencies and accuracy of the Kent County Friend of the Court documents and dates. The Deputy Clerk stated to the Plaintiff that he was correct on the dates he mentioned prior to obtaining the purchased copies.

9. On December 21, 2022, the Plaintiff went to the Kent County Friend of the Court for an explanation of the inconsistencies. The FOC Clerk displayed the computer to the Plaintiff, showing the uploaded image of the most recent signed Parenting Time Order being signed by the 17th Circuit Court Honorable Judge Scott Noto. The FOC computer displayed October 26, 2021 for the session and signed order date of the Judge Scott Noto. The Plaintiff then showed the FOC Clerk the original 17th Circuit Court uploaded image. The Clerk attempted to take the Plaintiff's 17th Circuit Court

documents to show a supervisor, but the Plaintiff informed the Clerk that she could leave his copies with him, and tell a supervisor to come up to the window. The Clerk then informed the Plaintiff that the Supervisor was too busy to come up to the window. A separate female individual who overheard the conversation, stated herself as just one of many supervisors within the Chain of Command for the Kent County Friend of the Court. The acting supervisor immediately noticed the discrepancies in the Session Dates and signature of the original signed Court Order date of the Honorable Scott A. Noto. The Plaintiff expressed his frustration, betrayal, untrustworthy, illegal tactics, and thoughts of deceit on behalf of the Kent County Friend of the Court and false forged documents.

***Another Kent County Friend of the Court female employee was present as well as a witness.***

10. The acting Friend of the Court supervisor went on to make copies for the Plaintiff of what was displayed in the FOC uploaded imaging system. The Plaintiff then left the building upset, angry, and in disgust.

11. On December 22, 2022, the Plaintiff went to the 17th Circuit Court to obtain more of the original signed court copies of signed orders of the dates October 16, 2012 and October 21, 2021. During this time, a different Deputy Clerk was alerted of the discrepancies the FOC documents and the originals. The Clerk reviewed the documents and agreed with the Plaintiff that the FOC documents was indeed different from the original. The Plaintiff informed the Clerk that this appears to be a false document, and a clear Signature Forgery on behalf of the Kent County Friend of the Court consistent with the *MCL 750.248b and MCL 750.249b Penal Code Act 328 of 1931*. The Clerk Certified the 17th Circuit Courts copies with a Certified Stamp and dated signature for the Plaintiff. The Plaintiff departed the Kent County Courthouse shortly after.

Respectfully Submitted by,

William J. Wise
675 Fremont NW
Grand Rapids, MI 49504
Willwise1983@yahoo.com
(616) 290-2223