UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM J. WISE,

      Plaintiff,

v.

17TH CIRCUIT COURT and
KENT COUNTY FRIEND OF
THE COURT,

      Defendants.
_____/

Case No. 1:23-cv-20

Hon. Jane M. Beckering

**REPORT AND RECOMMENDATION**

      This is a civil action brought by *pro se* plaintiff William J. Wise ("Wise") against Michigan's 17th Circuit Court and the Kent County Friend of the Court. This matter is now before the Court on defendants' motion to dismiss (ECF No. 9).

    **I.**    **Background**

      As an initial matter, Wise makes the frivolous allegation that defendant "17th Circuit Court also known as the Federal Court of Appeals are [sic] part of the Federal Court System." Compl. (ECF No. 1, PageID.2). Having mis-characterized this defendant as a federal appellate court, Wise alleged that defendants retaliated against him "for complaining and exercising the right to oppose unfair biased treatment due to the Gender of the Plaintiff." *Id*. at PageID.1. Specifically, Wise claims that defendants forged his signature in violation of nine criminal statutes and three civil statutes:

> 2.    The Plaintiff alleges that the Defendants Retaliated against the Plaintiff by committing Signature Forgery and other State and Federal Violations of the Plaintiff's Constitutional Rights . Fed Title 18 U.S.C. Sec 471; Fed Title 18 U.S.C. § 472; Fed Title 18 U.S.C. Sec 473; MCL 750.248; MCL 750.249; Fed Chapter 73

> Title 18 U.S.C. Sec 1513; Fed Chapter 73 Title 18 U.S.C. Sec 1512; Fed Chapter 73 Title 18[;] U.S. C. 1509; Fed Chapter 73 Title 18 U.S.C. Sec 1505; Fed Title 42 U.S. C. 12203; Fed Title 15 U.S. C. Sec 6604; MCL 600.1483[.]

*Id*. at PageID.1-2 (emphasis omitted).

Wise also alleged that defendants "violated their own Policies and Procedures to achieve alleged retaliation against the Plaintiff" because "The Kent County Friend of the Court Employee Handbook states that the FOC has NO authority to Change an Order." *Id*. at PageID.2. The gist of Wise's claim is set forth below:

> 7. In December 2022, the Plaintiff submitted numerous Physical Custody, Parenting Time, and Holiday Complaints to the Kent County Friend of the Court that were denied by the Kent County Friend of the Court.
>
> 8. The Plaintiff complained to the staff at the Kent County Friend of the Court about unfair gender biased treatment, by the Defendants in relation to the mothers with cases within the Kent County Friend of the Court system being treated different than the fathers. MCL 37.2202, MCL 552.503; MCL 750.483a; MCL 750.350a.
>
> 9. On December 16, 2022, the Plaintiff filed a Police Report with the Grand Rapids Police Department against the Plaintiffs minor child's mother, consistent with the MCL 750.350a.
>
> 10. In December of 2022, the Kent County Friend of the Court took Adverse Action against the Plaintiff by intentionally altering the Plaintiffs 17th Circuit Court Hearing Document Dates, intentionally altering and forging the 17th Circuit Court original signed date and signature of the Honorable 17th Circuit Court Judge Scott Noto, resulting in the Plaintiff's multiple Complaints being denied for investigation by the Kent Count Friend of the Court.

*Id*. at PageID.2-3 (emphasis omitted).[1]  Wise demands $20,726,000.00 in damages.  *Id*. at PageID.3.

---

[1] The subject of the December 16, 2022 police report is M.C.L. § 750.350a ("Taking or retaining child by adoptive or natural parent; intent; violation; penalty; restitution; probation; discharge and dismissal; proceedings open to public; nonpublic records; defense").  The other state statutes listed in ¶ 4 are as follows: M.C.L. § 37.3303 ("Employers; prohibited acts"); M.C.L. § 552.503 ("Creation of office of friend of the court in judicial circuits; number of offices in multicounty circuits; head of office; employment relationship; supervision; adoption of office procedures; performance of duties; office hours"); and, M.C.L. § 750.483a ("Withholding or refusal to produce documents requested by court; interference with reporting of crime").

2

## II. Legal Standard

Defendants have moved to dismiss this action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). In this regard, "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

## III. Discussion

Wise's allegation that Michigan's 17th Circuit Court is a federal appellate court is the type of frivolous statement which underscores the implausibility of this lawsuit. Next, Wise does not allege a legal basis for his retaliation claim. Rather, in ¶ 2 of his complaint, Wise presents a list of federal and state criminal statutes which relate to forgery, witness tampering, and obstruction with no explanation as to how this statutory laundry list supports a civil cause of action:

18 U.S.C. § 471 ("Obligations or securities of the United States"); 18 U.S.C. § 472 ("Uttering counterfeit obligations or securities"); 18 U.S.C. § 473 ("Dealing in counterfeit obligations or securities"); M.C.L. § 750.248 "False, forged, altered, or counterfeit record, instrument, or other writing; intent; penalty; applicability; venue"; M.C.L. § 750.249 ("False, forged, altered, or counterfeit record, instrument, or other writing; intent; penalty; applicability; venue"; 18 U.S.C. § 1513 ("Retaliating against a witness, victim, or an informant"); Title 18 U.S.C. §1512 ("Tampering with a witness, victim, or an informant"); 18 U.S.C. § 1509 ("Obstruction of court orders"); and, Title 18 U.S.C. § 1505 ("Obstruction of proceedings before departments, agencies, and committees").

Wise cannot simply list criminal statutes as the basis for a federal civil complaint.

> The general rule is that a private right of action is not maintainable under a criminal statute. Equally important is the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions.

*American Postal Workers Union, AFL-CIO, Detroit Local v. Independent Postal System of America, Inc.*, 481 F.2d 90, 93 (6th Cir. 1973) (internal quotation marks omitted). As one Court explained:

> "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," which means that Plaintiff lacks standing to invoke the judicial process to enforce state criminal laws or to bring a state criminal prosecution. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). If Plaintiff is attempting to bring a civil cause of action for forgery, he cannot do so because forgery is a crime, not a civil cause of action. Section 750.248 of Michigan Compiled Laws is the criminal code section for felony alteration, forgery, or counterfeit of certain public records. "[T]his section does not create a private civil cause of action." *Kloss v. RBS Citizens, N.A.*, 996 F. Supp. 2d 574, 601 (E.D. Mich. 2014) (citing *Lucido v. Apollo Lanes & Bar, Inc.*, 123 Mich. App. 267, 271-72, 333 N.W.2d 246 (1983) (where criminal statute does not specifically create a cause of action, none exists)); *see also Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002).

*Pompy v. Monroe Bank and Trust*, No. 19-10334, 2020 WL 6298102 at *14 (Aug. 5, 2020), R&R adopted, 2020 WL 6286299 (E.D. Mich. Oct. 27, 2020).

Wise's list includes three non-criminal statutes: 42 U.S.C. § 12203 ("Prohibition against retaliation and coercion" in claims under the Americans with Disabilities Act (ADA)); 15 U.S. C. § 6604 ("Punitive damages limitations" [in Y2K actions involving the failure "to process, to calculate, to compare, to sequence, to display, to store, to transmit, or to receive year-2000 date-related data" (*see* 15 U.S.C. § 6601 *et seq*.)]; and, M.C.L. § 600.1483 ("Medical malpractice actions; damages for noneconomic loss; limitations; itemization and calculation of damages"). Wise's listing of the Y2K punitive damage statute and the state medical malpractice statute are frivolous; these statutes have nothing to do with the alleged events of December 2022.

Finally, while Wise lists the statute authorizing claims for retaliation under the ADA (42 U.S.C. § 12203), he does not set out any facts to support such a claim.[2] The mere recitation of a statute is not sufficient to state a cause of action. *See Iqbal*, 556 U.S. at 678 ("labels and conclusions" or "an unadorned, the - defendant - unlawfully - harmed - me accusation" are insufficient to state a claim for relief).

### IV. Recommendation

Accordingly, I respectfully recommend that defendants' motion to dismiss (ECF No. 9) be **GRANTED** and that this case be **TERMINATED**.

Dated: April 24, 2023            /s/ Ray Kent
                                 RAY KENT
                                 U.S. Magistrate Judge

---

[2] The ADA provides at 42 U.S.C. § 12203(a) that, "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." This statute "protects individuals only from retaliation for engaging in, or aiding another who engages in, activity covered by the ADA." *Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014) (citing 42 U.S.C. § 12203(a)).

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).